THE STATE, EX REL. BLES, APPELLANT, *v.* MERRICK, APPELLEE.

(No. 38777—Decided March 31, 1965.)

14

*Messrs. Jones, Emmett & Weisberger* and *Mr. Richard L. Emmett,* for appellant.

*Messrs. Rippner & Schwartz* and *Mr. Ellis V. Rippner,* for appellee.

ZIMMERMAN, J.  Omitting some preliminary incidents, the facts are that on September 21, 1963, relator, appellant herein, appeared in the Probate Court of Cuyahoga County for the purpose of filing an affidavit under Section 5122.11, Revised Code, to initiate proceedings for the hospitalization of her husband because of mental incompetency.  A divorce proceeding was then pending between relator and her husband.  A deputy clerk refused to accept and file the affidavit, whereupon relator instituted this mandamus action to compel the acceptance and filing of the affidavit with immediate proceedings thereon.

Relator's principal contention is that, under the provisions of Sections 5122.11 to 5122.15, inclusive, Revised Code, it is respondent's mandatory duty to accept, file and proceed on the affidavit, and that no discretion may be exercised in the matter.

Respondent, appellee herein, insists that the applicable statutes considered together do repose discretion in the Probate Court to conduct an inquiry and investigation before receiving, filing and proceeding on the affidavit.  Respondent's position was approved and adopted by the Court of Appeals.

Obviously, a consideration and interpretation of the controlling statutes are necessary.

Section 5122.11, Revised Code, provides:

"Proceedings for the hospitalization of an individual, pursuant to Sections 5122.11 to 5122.15, inclusive, of the Revised Code shall be commenced by the filing of an affidavit, in the manner and form prescribed by the Division of Mental Hygiene, with the Probate Court, either on information or actual knowledge, whichever is determined to be proper by the court, by any person or persons.  Any such affidavit may be accompanied, or the Probate Court may require that such affidavit be accompanied, by a certificate of a licensed physician stating that he

has examined the individual and is of the opinion that he is mentally ill and should be hospitalized, or a written statement by the applicant, under oath, that the individual has refused to submit to an examination by a licensed physician. Upon receipt of the affidavit the Probate Court may, where it has reason to believe that the individual named in the affidavit is likely to injure himself or others if allowed to remain at liberty, or needs immediate hospital treatment, order any health or police officer or sheriff to take into custody and transport such individual to a hospital or other place.

"If such hospital or other place is licensed by the Division of Mental Hygiene, such individual may be observed and treated for a reasonable period of time prior to the hearing provided by Section 5122.15 of the Revised Code."

Section 5122.13, Revised Code, recites:

"Upon receipt of the affidavit required by Section 5122.11 of the Revised Code, or upon receipt of information that the Probate Court considers reliable that a person appears to be a mentally ill individual subject to hospitalization, the Probate Court may order an investigation. At the direction of the Probate Court, such investigation may be made by the county welfare department or by a competent social worker or other investigator appointed by the Probate Court. Such investigation shall cover the character, family relationships, past conduct, whether or not the individual named in the affidavit or statement is likely to injure himself or others if allowed to remain at liberty, and other pertinent factors. The person who conducts the investigation shall promptly make a report to the Probate Court, in writing or orally, in open court or in chambers, as directed by the court. If the social worker or investigator has reason to believe that an individual investigated is a mentally ill person subject to hospitalization, such social worker or investigator may file an affidavit pursuant to Section 5122.11 of the Revised Code."

A comparison of these two statutes demonstrates that the claimed mental illness of an individual may be brought to the court's attention either by affidavit or by information to that effect considered reliable, but in both instances the court is

16

permitted to conduct an investigation by the specified methods to ascertain the true situation.

Although we are of the view that an affidavit presented in proper form should be accepted and filed by the court (an informal filing withheld from public record might be sufficient), further proceedings on the affidavit should await any investigation ordered as outlined in Section 5122.13, Revised Code. If such investigation discloses grounds for a finding of mental illness, it may be assumed that the court in the performance of its duties will proceed with the medical examination, the hearing and the dispositions and procedures as detailed in the remaining sections of Chapter 5122, Revised Code.

It seems to us that the investigation provided for in Section 5122.13, Revised Code, serves a desirable purpose in affording protection to a person who may be unfairly or unjustly charged with mental incompetency. There are instances of record where a person has been "railroaded" into a mental institution because of a lack of prescribed safeguards. One accused of committing a criminal act is presumed innocent until proved guilty beyond a reasonable doubt. So, on the same principle, one should be saved from restraint and incarceration with the accompanying stigma until some basis for such drastic procedure is reasonably apparent.

We find no real substance in relator's claim that the Court of Appeals committed prejudicial error in appointing a master commissioner to take evidence in the pending action and in receiving and considering such evidence. However, we are of the opinion that the Court of Appeals was wrong in holding that the deputy clerk in the Probate Court could properly refuse to accept and file relator's affidavit. Such affidavit should have been received and filed even though the filing might have been withheld from public record until the allegations contained in the affidavit were supported by the investigation authorized and carried on under the provisions of Section 5122.13, Revised Code.

Our conclusion is that the Court of Appeals erred in refusing to issue the writ requiring respondent to accept and file relator's affidavit but that it properly held that respondent in

the exercise of his discretion might conduct an investigation in accordance with Section 5122.13, Revised Code, to ascertain whether further proceedings on the affidavit should be had in accordance with the ensuing statutory provisions.

*Judgment reversed in part and affirmed in part.*

MATTHIAS, O'NEILL and HERBERT, JJ., concur.
SCHNEIDER and BROWN, JJ., dissent.

BROWN, J., dissenting. It is well settled in Ohio that the issuance of the writ of mandamus rests, to a considerable extent at least, within the sound discretion of the court to which application for the writ is made. *State* v. *Shaw,* 43 Ohio St. 324; *State, ex rel. Moyer,* v. *Baldwin,* 77 Ohio St. 532.

The affiant-relator's interest, once he has suggested to the Probate Court that mental illness exists, is not so great as to justify his seeking a writ for the mere purpose of forcing the Probate Court to accept and file the affidavit, nor so great as to require the issuance of such a discretionary writ.

I would affirm the judgment of the Court of Appeals which denied the writ.

SCHNEIDER, J., concurs in the foregoing dissenting opinion.