**The STATE of Ohio, Appellee,**

**v.**

**HAROLD, Appellant.**

[Cite as *State v. Harold* (1996), 109 Ohio App.3d 87.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 95CA00610.

Decided Jan. 31, 1996.

88

*Gregory A. White,* Lorain County Prosecuting Attorney, and *Lisa A. Locke Graves,* Assistant Prosecuting Attorney, for appellee.

*James Burge,* for appellant.

---

Reece, Judge.

Appellant, Tyrone Harold, appeals the trial court's judgment ordering the forfeiture of his ownership interest in his home. We affirm.

## I

Rolando Atkinson, an informant with the city of Lorain Police Department, participated in a sting operation conducted by the police against Tyrone Harold. The operation consisted of Atkinson's purchasing drugs from Harold while Atkinson recorded the transaction with a hidden transmitter. On February 21, 1994, Harold saw Atkinson outside his house at 314 West 23 Street and asked Atkinson what he needed. Atkinson responded that he needed "a twenty," meaning twenty dollars' worth of crack cocaine. Harold invited Atkinson into the house and told Atkinson to come upstairs. With children present in the house, Atkinson purchased crack cocaine from Harold in the upstairs quarters.

Once again, on March 9, 1994, Atkinson went to Harold's house to purchase crack cocaine. Inside of the house and again with children present, he bought two pieces of crack cocaine worth $40. On March 29, 1994, Atkinson saw Harold at a third party's residence. Again, Atkinson asked if he could buy cocaine. Harold agreed and they went back to Harold's house. While Atkinson waited outside, an intermediary brought out fifty dollars' worth of crack cocaine.

The Lorain County Grand Jury indicted Harold for three counts of aggravated drug trafficking. The case proceeded to a bench trial, and the court found Harold guilty on the first two counts corresponding to the first two transactions. The court found Harold not guilty on the third count. The state then moved for forfeiture of Harold's interest in the house. The trial court conducted a separate hearing after the trial but before sentencing. The trial court found that Harold had used his house to facilitate the drug transactions. The court also found that the order of forfeiture did not constitute an excessive fine. The trial court ordered Harold's interest forfeited and also ordered that the interest of the co-owner of the house, Joanne Brown, be protected, that is, not forfeited. The trial court then sentenced Harold to consecutive terms of five to ten years on the two counts with a $5,000 fine imposed for each count. Based on Harold's motion, the trial court stayed the forfeiture pending resolution of this appeal.

## II

Harold raises two assignments of error. He contends (1) that the trial court's finding that he used his home to facilitate the drug transactions is contrary to law, and (2) that the forfeiture of his interest constituted an excessive fine under the Eighth Amendment to the United States Constitution and Section 9, Article I of the Ohio Constitution.

### A

Harold's first assignment of error presents this court with the question: did Harold use his house to facilitate the drug transaction? The answer to the question turns on the meaning of "used" and "facilitate."

Pursuant to R.C. 2925.42(A)(1)(b), forfeiture occurs if "[t]he property was used or intended to be used in any manner to commit, or to facilitate the commission of, the felony drug abuse offense or act." The Supreme Court of Ohio has defined "use" as " 'to avail oneself of; to utilize; to carry out a purpose or action by means of; to put into action or service, especially to attain an end,' " and has defined "facilitate" as " 'to free from difficulty or impediment.' " *State v. Hill* (1994), 70 Ohio St.3d 25, 31, 635 N.E.2d 1248, 1253. Harold argues that the state did not prove he met these definitions because he did not use his house as a means to carry out the drug offense, and furthermore, the home did not constitute an integral part of the offense.

While a drug transaction can occur almost anywhere, Harold's actions clearly fell within the definitions of use and facilitate. By deciding to conduct the transactions in his home, Harold could keep them hidden in a private and a safer surrounding and thus out of sight of the watchful eye of the public, the police and potential thieves. "As a situs for the sales, the property 'facilitated' them by permitting them to be conducted in atmosphere of relative privacy." *United States v. Certain Real Property and Premises Known as 38 Whalers Cove Drive, Babylon, New York* (C.A.2, 1992), 954 F.2d 29, 33. Consequently, the trial court correctly found that Harold used the house to facilitate the drug transaction.

### B

In his second assignment of error, Harold contends that the forfeiture was grossly disproportionate to the offense he committed. As such, he argues, the forfeiture constituted an excessive fine and thus violated his rights guaranteed pursuant to the Eighth Amendment to the United States Constitution and Section 9, Article I of the Ohio Constitution.

Both the Eighth Amendment and Section 9, Article I prohibit the government from imposing an excessive fine upon an individual. The Supreme

Court of Ohio has held that in the context of forfeiture pursuant to R.C. 2925.42, the forfeiture is a form of punishment for a specified offense and therefore constitutes a fine for purposes of Section 9, Article I and the Eighth Amendment. *Hill,* 70 Ohio St.3d 25, 635 N.E.2d 1248, syllabus. Therefore, prior to entering an order of forfeiture, the trial court must independently determine whether the forfeiture constitutes an excessive fine that is prohibited by the Excessive Fines Clauses of both constitutions. *Id.* The Supreme Court of Ohio arrived at this determination based on the holdings of two United States Supreme Court cases which held the Eighth Amendment Excessive Fines Clause applicable to federal forfeiture statutes. *Austin v. United States* (1993), 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488; *Alexander v. United States* (1993), 509 U.S. 544, 113 S.Ct. 2766, 125 L.Ed.2d 441. Like the United States Supreme Court, the Ohio Supreme Court did not enunciate a specific test to determine an excessive fine. Therefore, for this court to pass upon Harold's assignment of error requires us to answer two questions: (1) what is the appropriate standard to determine an excessive fine, and (2) did the trial court in this case properly order forfeiture of the property under that standard?

In light of *Austin's* intent to have the United States Circuit Courts of Appeal wrestle with determining what is an excessive fine, *Austin,* 509 U.S. at 622–624, 113 S.Ct. at 2812–2813, 125 L.Ed.2d at 506, various federal circuit courts have adopted two principal tests, the instrumentality test and the proportionality test. As espoused by the United States Court of Appeals for the Fourth Circuit in *United States v. Chandler* (C.A.4, 1994), 36 F.3d 358, the instrumentality test contains three parts. First, the trial court must consider the nexus between the offense and the property and the extent of the property's role in the offense. *Id.* at 365. Second, the court must consider the role and culpability of the owner. *Id.* Finally, the court considers the possibility of separating the offending property that can be readily separated from the remaining unimplicated property. *Id.* The heart of this test centers on the relationship of the property to the offense. In order to say the forfeiture constitutes an excessive fine, the trial court must find that the property was so closely connected to the offense so as to render the property, under traditional standards, "guilty" and thus forfeitable. *Austin,* 509 U.S. at 627–628, 113 S.Ct. at 2814–2815, 125 L.Ed.2d at 509 (Scalia, J., concurring in part and concurring in judgment).

This court declines to adopt the instrumentality test. In the *Hill* decision, although the Supreme Court of Ohio did not adopt an approach, it did analyze federal circuit court cases which utilized the proportionality test. We believe that the Supreme Court of Ohio's discussion has at least given tacit approval to the proportionality test. Inasmuch as the Supreme Court of Ohio has apparently given this tacit approval, we utilize proportionality review. See, generally,

*United States v. Real Property Located in El Dorado Cty. at 6380 Little Canyon Rd., El Dorado, CA.* (C.A.9, 1995), 59 F.3d 974, 983. As the Ninth Circuit reasoned, it is difficult to determine excessiveness without comparing the relationship between the penalty and the offense for which the penalty is imposed. *Id.* Accordingly, we decline to follow the instrumentality test and adopt the proportionality test.

Several federal circuits have adopted the proportionality test to determine the excessiveness of a fine. *United States v. Milbrand* (C.A.2, 1995), 58 F.3d 841; *Little Canyon Road, supra; United States v. One Parcel of Real Property, Located at 9638 Chicago Hts., St. Louis, MO.* (C.A.8, 1994), 27 F.3d 327 (expressing displeasure with the instrumentality approach); *United States v. 18755 N. Bay Rd., Miami* (C.A.11, 1994), 13 F.3d 1493; *United States v. Sarbello* (C.A.3, 1993), 985 F.2d 716. But, see, *United States v. Certain Real Property Located at 11869 Westshore Drive, Putnam Twp., Livingston Cty., MI.* (C.A.6, 1995), 70 F.3d 923 (declining to adopt any test and holding that findings would be made on a case-by-case basis). The proportionality test derives from the United States Supreme Court's ruling in *Solem v. Helm* (1983), 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637. In *Solem,* the court held that a proportionality review of a criminal sentence pursuant to the Cruel and Unusual Punishment Clause should be guided by objective criteria including the gravity of the offense and the harshness of the penalty, the sentences imposed on other criminals in the same jurisdiction, and sentences imposed for the commission of the same crime in other jurisdictions. *Id.* at 291–292, 103 S.Ct. at 3010–3011, 77 L.Ed.2d at 650. But, see, *Harmelin v. Michigan* (1991), 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (questioning whether the Eighth Amendment contains any proportionality review). Cf. *United States v. Busher* (C.A.9, 1987), 817 F.2d 1409 (applying proportionality test for cruel and unusual punishment to federal RICO forfeiture).

Although *Solem* involved the Cruel and Unusual Punishment Clause, the federal circuits have applied the same analytical framework to the Excessive Fines Clause. According to the Sixth Circuit, the core of the proportionality review compares the value of the property to a variety of factors. These factors include the culpability of the defendant, the gravity of the offense, the relationship of the property to the offense and the harm to the community. *11869 Westshore Drive,* 70 F.3d at 927. No one factor has greater value than any other. The trial court is to examine all the factors as they apply to the specific case before it. By conducting its analysis in this way, the trial court ultimately must determine whether the appropriate test as applied to the totality of the circumstances renders the forfeiture an excessive fine.

The various circuits adopting the proportionality test have also devised various versions of the test containing a variety of factors for the trial court to utilize.

What then is the appropriate version for this court to adopt? After reviewing the various circuit formulations, we adopt the test as developed by the Second Circuit in *Milbrand* and the Ninth Circuit in *6380 Little Canyon Rd.*[1]

■ In *Milbrand*, the Second Circuit determined that the forfeiture of the claimant's property withstood constitutional scrutiny under the Excessive Fines Clause. The claimant asserted an innocent owner defense when the government moved to forfeit the property. The claimant's son had grown 1,362 marijuana plants on the eighty-five-acre wooded property. The property had a house and the total purchase price of the house and land was $66,000. After rejecting the innocent owner defense, the circuit adopted the following proportionality test for a court to use when determining the excessiveness of the forfeiture:

"(1) the harshness of the forfeiture * * * in comparison to (a) the gravity of the offense, and (b) the sentence that could be imposed on the perpetrator of such an offense;

"(2) the relationship between the property and the offense, including whether use of the property in the offense was (a) important to the success of the illegal activity, (b) deliberate and planned or merely incidental and fortuitous, and (c) temporally or spatially extensive; and

"(3) the role and degree of culpability of the owner of the property." *Id.*, 58 F.3d at 847–848.

■ The Ninth Circuit has provided additional factors to evaluate the harshness of the forfeiture and the role and degree of culpability of the owner of the property. In *6380 Little Canyon Rd.*, the circuit court remanded the forfeiture issue to the district court for consideration of the following factors to determine the harshness of the forfeiture:

"(1) the fair market value of the property;

"(2) the intangible, subjective value of the property * * * and

"(3) the hardship to the defendant, including the effect of the forfeiture on defendant's family or financial condition." 59 F.3d at 985.

■ Furthermore, concerning the culpability of the owner, the trial court also should consider the following factors:

"(1) whether the owner was negligent or reckless in allowing the illegal use of his property; or

---

1. The Sixth Circuit has provided an exhaustive analysis of the various circuit applications of the proportionality test in *11869 Westshore Drive*, 70 F.3d 923. Thus, we need not replicate that analysis here.

"(2) whether the owner was directly involved in the illegal activity, and to what extent; and

"(3) the harm caused by the illegal activity, including (a) * * * the amount of drugs and their value, (b) the duration of the illegal activity, and (c) the effect on the community." *Id.* at 986.

In sum, in order to determine whether a forfeiture violates the Excessive Fines Clauses of the Eighth Amendment to the United States Constitution and Section 9, Article I of the Ohio Constitution, this court holds that the proportionality test provides the appropriate method of review. We further hold that the above factors should be used when applying the proportionality test. We recognize that no one factor is dispositive. Therefore, a court must look at the totality of the circumstances when determining the excessiveness of the forfeiture.

While a trial court normally would have to conduct a hearing to apply our standard announced today, we do not have to remand the present case because the trial court conducted a hearing on the forfeiture. The trial court also engaged in a proportionality review. This court determines that the trial court did not err when it determined that the forfeiture did not constitute an excessive fine based on our announced proportionality test.

Concerning the harshness of the forfeiture, Harold will forfeit his interest in the house. The purchase price was $15,000, and the house is co-owned by Joanne Brown. At best, Harold's interest is $7,500 plus any appreciation. The Second Circuit has already permitted forfeiture of a condominium purchased for $145,000 and having an equity value of $68,000, all for two sales of a total of two and one-half grams of cocaine worth $250. *38 Whalers Cove Dr.,* 954 F.2d at 32, 38–39. Consequently, we cannot conclude that the forfeiture here was unconstitutionally harsh.

Furthermore, the property possessed a direct relationship to the offense. Harold used the house to conduct multiple transactions. By using the house, he cloaked himself in relative secrecy to hide the transaction from public view.

Finally, the culpability of the defendant is overwhelming. He conducted multiple transactions, each one with children present in the house. The house itself was near a school. He dealt in crack cocaine, a pervasive and dangerous drug. The drug problem is "one of the greatest problems affecting the health and welfare of our population." *Natl. Treasury Employees Union v. Von Raab* (1989), 489 U.S. 656, 668, 109 S.Ct. 1384, 1392, 103 L.Ed.2d 685, 704. Although the amount and value of the drugs was small (several pieces worth $60), the presence of these drugs near children in the home and the neighborhood school

contributes to that problem. The degree of Harold's culpability thus outweighs his claim of excessiveness.

Therefore, the trial court properly determined that the forfeiture did not constitute an excessive fine.

## III

Accordingly, all of the appellant's assignments of error are overruled. The judgment of the trial court is affirmed.

*Judgment accordingly.*

BAIRD, P.J., and SLABY, J., concur.