OPINION
Defendant-appellant Peter Wolfe appeals from his convictions of drug trafficking and the forfeiture entered thereafter in the Belmont County Common Pleas Court. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF FACTS
In February 1997, the Belmont County Sheriff's Department was approached by two informants, Joe Belot and Kimberly Clifford, who wished to participate in a controlled buy of cocaine from appellant. On February 17, the informants were given $275 in buy money. They went to appellant's house and purchased four packets of cocaine with a total weight of 2.4 grams. A search warrant was immediately issued for appellant's house.
Because it was discovered that the tape recorder worn by Ms. Clifford failed to record the drug transaction, the informants were asked to make a second controlled buy on that same day. They were given money that had been photocopied for evidentiary purposes. They went to appellant's house, and for $525, he sold them six packets of cocaine with a total weight of 3.4 grams. He said that he owed them one packet and that he would obtain it the next day. This time, the tape recording worked.
Police executed the search warrant on appellant's house and confiscated the buy money and other money, a spoon with cocaine residue, a propane blow torch, paper folds used to make packets for cocaine, a triple beam scale and a pop can that appeared to have been used as a pipe. Appellant was indicted on two counts of drug trafficking in violation of R.C. 2925.03 (A), felonies of the fifth degree. The indictment also contained criminal forfeiture specifications pursuant to R.C. 2925.45, seeking $592.25 in cash and appellant's residence at 1312 Kennedy Avenue in Martins Ferry, Ohio.
The case proceeded to trial. On June 6, 1997, the jury found appellant guilty as charged. A forfeiture hearing was held before the jury on June 10, and the jury voted in favor of both forfeiture specifications. The trial court then conducted an independent determination of the forfeiture issues. Thereafter, the court ordered forfeiture of the money and the residence. Appellant was sentenced to ten months of incarceration on each count to run consecutively. The within appeal followed.
Due to the delay caused by former appellate counsel, new counsel was appointed and granted time to file appellant's brief. Appellant's brief was submitted on February 15, 2000. The state filed its brief on April 6, 2000.
 ASSIGNMENT OF ERROR NUMBER ONE
Appellant sets forth two assignments of error, the first of which alleges:
 "THE TRIAL COURT VIOLATED PETER WOLFE'S RIGHTS WHEN IT DETERMINED THAT HIS HOME WAS SUBJECT TO FORFEITURE."
The forfeiture of property pursuant to R.C. 2925.42 is a form of punishment and is considered a fine. State v. Hill (1994),70 Ohio St.3d 25, 34. Thus, trial courts must make independent determinations on whether potential forfeiture orders constitute excessive fines in violation of the Eighth Amendment to the U.S. Constitution and Article 1, Section 9 of the Ohio Constitution.Id. Appellant argues that the forfeiture of his house was an excessive fine because its value, $63,390, is so much greater than the amount of drugs sold, approximately 6 grams for $800.
A forfeiture is not rendered excessive because it exceeds the harm to victims or the benefit to the defendant. Id. at 34, citingU.S. v. Busher (C.A.9, 1987), 817 F.2d 1409, 1415. In determining if a forfeiture is excessive, there exist two main tests, the proportionality test and the instrumentality test. See, e.g.,State v. Ziepfel (1995), 107 Ohio App.3d 646, 650. The U.S. Supreme Court recently adopted the proportionality test in punitive forfeitures. U.S. v. Bajakajian (1998), 524 U.S. 321. The Ohio Supreme Court has impliedly adopted the proportionality test. Hill, supra at 33-34. See, also, State v. Harold (1996),109 Ohio App.3d 87, 91. This court has utilized the proportionality test in a forfeiture action under R.C. 2925.43. Forfeiture of OneTract of Real Property Located at 1081 West State Street, Salem,Ohio (May 13, 1996), Columbiana App. No. 94-C-23, unreported, 4-5. Hence, the proportionality test is that which we shall utilize in our de novo review. See Bajakajian, supra. Appellant states that in applying the proportionality test to the facts at hand, the trial court should have found that the forfeiture of his $63,390 house was excessive.
The proportionality test is a totality of the circumstances approach. One of the circumstances to be evaluated is the harshness of the forfeiture compared to the gravity of the offense. Id. at 5. See, also, Hill, supra at 33, citing U.S. v.Sarabello (C.A.3, 1993), 985 F.2d 716, 724. A forfeiture is excessive and thus overly harsh if it is grossly disproportionate to the gravity of the offense it is designed to punish. SeeBajakajian, supra (mentioning that the maximum prison sentence and fine should be considered). Factors used to evaluate harshness include the fair market value of the property, the intangible or subjective value of the property and the hardship the forfeiture will impose upon the defendant and his family. Harold, supra at 94, citing U.S. v. Real Prop. Located in El Dorado Cty. At 6380Little Canyon Rd. (C.A.9, 1995), 59 F.3d 974, 985.
The court should consider the relationship between the property and the offense. For instance, the court decides whether the property assisted the offender in committing the crime.Harold, supra 93-94. The court should also consider the culpability of the property owner, determining if the owner was directly involved. Id. See, also, Hill, supra at 33, citingSarabello, supra at 724. This evaluation requires consideration of the harm or potential therefor, including harm to the community and the threat of drug addiction. Hill, supra at 34, citingBusher, supra at 1415. The amount of drugs involved and the duration of the drug activity are also relevant factors. Harold,
supra at 94. It must be remembered that no one factor is dispositive and other relevant factors not mentioned may be considered.
In comparing the harshness of the forfeiture to the gravity of the offense, appellant argues that the maximum fine was $2,500 on each of the two counts, citing R.C. 2929.18 (A) (3) (e). However, the court had the option to impose other fines as well. See R.C.2929.18 (B) (4). The maximum prison term faced by appellant was one year on each count. R.C. 2929.14 (A) (5). Regarding the gravity of the offense, this court has previously acknowledged that selling cocaine is a serious offense. 1081 West State Street, supra at 4-5. As for harshness, even assuming that the fair market value of the property is $63,390, courts have upheld similar forfeitures as nonexcessive. Id. (upholding the forfeiture of a $30,000 house where the amount of cocaine sold was .125 grams); U.S. v. CertainReal Property Known as 38 Whalers Cove Drive, Babylon, New York
(C.A.2, 1992), 954 F.2d 29, 38-39 (upholding the forfeiture of a $145,000 condominium with an equity value of $68,000 where a total of 2.5 grams of cocaine was sold for $250); Harold, supra at 94 (stating that the forfeiture of over $7,500 in equity in a house is not excessive after two sales of crack totaling $60); State v.Scheibelhoffer (June 30, 1999), Lake App. No. 98-L-039, unreported, 4-5 (upholding the forfeiture of a house worth $31,470 after a conviction of selling $250 worth of cocaine).
To support his theory that the forfeiture was overly harsh, appellant points out that his brother lives in the house (who moved in one week before the forfeiture hearing). Appellant's girlfriend had also moved into the forfeited house with her children. However, appellant is not responsible for these people; they have no legal interest in the house. Moreover, they moved in after appellant's arrest. The court heard testimony that appellant's children visit him some weekends and in the summer. However, the court also heard evidence that appellant had recently inherited property from his father which produced rental income in the amount of $600 per month part of which can be used as an apartment. Thus, the hardship of the forfeiture on appellant was not so great as to leave him destitute.
As for the relationship between the property and the offense, the state emphasizes how appellant utilized his home to protect and disguise his drug trade. See Harold, supra at 94 (where the court emphasizes that the defendant "cloaked himself in relative secrecy to hide the transaction from public view" by conducting the sales from the safety of his house). When the informants called seeking drugs, appellant could have asked them to meet him somewhere. Instead, he allowed drug buyers to enter his home in order to maintain privacy. Although appellant argues that the trafficking was an isolated incident, two drug sales were made from the home in one day, and appellant promised the informants that he would give them another packet of cocaine the next day. Moreover, support for the relationship between the home and the trafficking in drugs can be found in the confiscation of a triple beam scale, a homemade pipe, a spoon with .2 grams of cocaine residue, a propane blow torch, and numerous paper folds used as containers for cocaine.
In discussing the culpability of the offender, appellant purposely sold drugs. See Id. at 95 (stating that the defendant's culpability outweighs any claim of excessiveness). Appellant's involvement in the offenses was primary and direct. The harm to the neighborhood must be considered as well as the harm to the community in general. Furthermore, a child was found in the house when the search warrant was executed shortly after the last drug sale. See Id. (highlighting the fact that a child was present).
The trial court considered the totality of the circumstances and decided that the forfeiture of appellant's residence did not constitute an excessive fine. For the foregoing reasons, the trial court did not err when it ordered the forfeiture of appellant's house.
 ASSIGNMENT OF ERROR NUMBER TWO
Appellant's second assignment of error contends:
 "PETER WOLFE WAS DEPRIVED OF HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL."
In order to prevail on a claim of ineffective assistance of counsel, the defendant has the burden of proving two things: (1) that defense counsel's performance was deficient and (2) that said deficient performance prejudiced the defense, i.e. there is a reasonable probability that the outcome would have been different had the error not been made. State v. Reynolds (1998), 80 Ohio St.3d 670,674, citing Strickland v. Washington (1984), 466 U.S. 668, 687. Reviewing courts generally refrain from second-guessing strategical decisions and presume that the performance in question falls within a wide range of reasonable legal assistance. State v. Carter (1995),72 Ohio St.3d 545, 558.
Entrapment is an affirmative defense under R.C. 2901.05 (C) (2). An affirmative defense must be raised at trial or it is waived; it is also incumbent upon the defendant to request jury instructions on an affirmative defense. Crim.R. 30 (A). Appellant argues that his counsel rendered ineffective assistance by failing to argue the affirmative defense of entrapment. The defense of entrapment may be available where the idea of criminal conduct originates with government officials who implant that idea into the mind of an individual who is not predisposed to commit the crime proposed. State v. Doran (1983), 5 Ohio St.3d 187, 192-93. A defendant is not entitled to an instruction on entrapment if the evidence is insufficient to support the instruction. See State v.Melchior (1978), 56 Ohio St.2d 15; State v. Loudermill (1965),2 Ohio St.2d 15.
In this case, there is no evidence of entrapment. Kimberly Clifford testified that she called appellant once and he was not home. She called him later and asked to buy cocaine. There is no evidence that she had to ask him more than once. She went to his house and bought four packets of cocaine. There is no evidence of compulsion by Ms. Clifford. In fact, according to her testimony, appellant asked her to stay and "party."
Later, she bought six packets of cocaine from appellant and he stated that he owed her one more. The allegation that she told appellant that she would come to his house to buy the cocaine is not relevant. Appellant could have easily asked her to meet him somewhere else. We fail to see even an inference of entrapment here.[1] It must also be remembered that tools of the drug trade were discovered in appellant's house, negating the argument that appellant lacked predisposition. Thus, defense counsel's performance was not deficient for failing to argue entrapment and for declining to seek an instruction on entrapment. Even if an instruction had been given, there is no reasonable probability that the outcome of the trial would have been different. As such, this assignment of error is overruled.
For the foregoing reasons, the judgment of the trial court is affirmed.
Cox, P. J., concurs in judgment only; see concurring opinion.
Donofrio, J., concurs.
 _________________________ JOSEPH J. VUKOVICH, JUDGE
[1] Appellant's brief appears to argue that the house was not predisposed to commit a crime. He appears to have developed this argument by looking at cases that explain that a forfeiture action considers the property as a defendant. However, a house cannot be entrapped. Defense counsel was not ineffective by refusing to argue that the house was entrapped.