[Cite as *Bowling Green v. Coble*, 2023-Ohio-1308.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio/City of Bowling Green

        Appellee

v.

Phillip Coble

        Appellant

Court of Appeals No.  WD-22-026

Trial Court No.  21TRC05839

**DECISION AND JUDGMENT**

Decided:  April 21, 2023

* * * * *

Alyssa M. Blackburn-Dolan, City of Bowling Green
Prosecuting Attorney, and Nicholas P. Wainwright,
Assistant Prosecuting Attorney, for appellee.

W. Alex Smith, for appellant.

* * * * *

**DUHART, J.**

{¶ 1} Appellant, Phillip Coble, appeals from a judgment entered by the Bowling

Green Municipal Court, ordering the forfeiture of appellant's 2011 Chevrolet pickup

truck, following a no contest plea to a charge of operating his vehicle while intoxicated ("OVI"). For the reasons that follow, we affirm the judgment of the trial court.

**Statement of the Case and Relevant Facts**

{¶ 2} At a plea and sentencing hearing held on April 6, 2022, appellant pleaded no contest to a charge of OVI, for operating his vehicle in violation of R.C. 4511.19(A)(1)(a). The trial court found him guilty of that offense and, at the state's request, ordered dismissal of two additional charges – one for a "high tier OVI," under R.C. 4511.19(A)(1)(h), and one for an assured clear distance violation, under R.C. 4511.21(A).

{¶ 3} After reviewing the sentence recommendation of the state, including an indication that appellant's vehicle would be subject to forfeiture because this was appellant's third OVI conviction within a ten-year period, the trial court invited defense counsel to comment on the issue of sentencing. Defense counsel began by stating that appellant is married, has a young son, and has full-time employment, although "[i]t's not a very high paying job." He then proceeded to argue that forfeiture of appellant's vehicle would be excessive under the Ohio and United States Constitutions, asserting:

 [I]f someone else were operating someone else's vehicle and had this offense, they wouldn't have the same penalty. But, in this case because Mr. Coble has been responsible and paid the vehicle off – and it's worth about $16,000, I should mention – which is admittedly a little less than the one I had last week. But, it's still a pretty sizable penalty for Mr. Coble. It's one

2.

of two vehicles his family uses to get to work, to transport their child. So that is in my mind a far more disproportionate sentence to someone who had, say, had borrowed their friend's car. I'm not arguing there isn't a relationship between the offense and the vehicle, there obviously is. But that withstanding [sic], I do think it is excessive.

{¶ 4} Finally, defense counsel requested that "[i]f the vehicle is forfeited and sold, I would ask that the fine be reduced by some of the proceeds or that a lower fine be imposed."

{¶ 5} Responding to defense counsel's constitutional challenge, the trial court said, "You know, on the forfeiture issue, as I recall the statute, I think the defendant is entitled to have a separate hearing on that issue." When defense counsel did not directly reply to the court's suggestion, the court reiterated, "[W]e are talking about a substantial penalty – I would certainly allow the parties to be heard on that and evidence presented relating to that issue." Despite the trial court's stated willingness to hold a separate proceeding to deal with the question of the appropriateness of forfeiture in this case, defense counsel did not request a hearing and, instead, indicated that if the trial court ordered forfeiture of the vehicle, appellant would simply appeal the order.

{¶ 6} Next, the trial court heard from appellant, who said, "I just made a dumb decision. I really don't have anything else to say."

{¶ 7} Addressing appellant, the trial court stated:

3.

[A]ny time you put this much alcohol in your system and get behind a wheel, you're putting yourself and the community at risk. And as I look at this, this is actually the fifth time you've been before a court and convicted of operating a vehicle under the influence. Five different times you put the community at risk and you put yourself at risk. Some of them might have been a long time ago * * * [b]ut the problem I am seeing here is you don't seem to be learning from the experience.

If we look at the amount of alcohol you had in your system, it's a tremendous amount .260. * * * The only person who can get to a 260 and still be standing is someone who has a high amount of alcohol in use – a high tolerance built up – which tells me that even after all of these prior convictions, for some reason you still think alcohol is a good thing in your life. * * *

The other thing I would note, Mr. Coble, is you have been through treatment before * * * [and] it has never worked. And I tell you the thing that we have to consider is if we can't trust you to stay away from alcohol, we can't let you be free. We can't have you living among the good people of this community and putting their lives at risk. * * *

{¶ 8} The trial court then proceeded to sentencing, ordering appellant to pay a fine in the amount of $2,750, with $750 of that amount suspended. The court further ordered that appellant serve 360 days in jail, with 210 days suspended and 90 days to be served

4.

on electronic home monitoring. Appellant was also placed on probation for five years. Six points were assessed against appellant's license, and appellant's license was suspended for a period of ten years. Finally, the trial court ordered forfeiture of appellant's 2011 Chevrolet pickup truck, with the forfeiture stayed pending appeal.

## Assignments of Error

**{¶ 9}** Appellant raises the following assignments of error on appeal:

I. The trial court erred in failing to conduct a proportionality analysis in ordering the forfeiture of Coble's vehicle pursuant to R.C. 4511.19(G)(1)(c)(v), as the order was an unconstitutionally excessive fine in violation of the Eighth Amendment to the U.S. Constitution and Section 9 Article 1 of the Ohio Constitution.

II. The trial court erred in order[ing] the forfeiture of Coble's vehicle as R.C. 4511.19(G)(1)(c)(v) is unconstitutional on its face and as applied herein pursuant to the Equal Protection Clause of the 14th Amendment and Section 2 Article 1 of the Ohio Constitution.

## Analysis

### Forfeiture Statute

**{¶ 10}** R.C. 4511.19(G)(1)(c)(v) mandates forfeiture of an offender's vehicle where, as here: (1) the vehicle that was involved in the OVI offense was owned by the offender; and (2) the offender had previously been convicted of OVI violations twice

5.

within ten years of the offense. *See State v. O'Malley*, --- Ohio St.3d---, 2022-Ohio-3207, --- N.E.3d ---, ¶ 38.

### First Assignment of Error

**R.C. 4511.19(G)(1)(c)(v) does not constitute an unconstitutionally excessive fine in violation of the Eighth Amendment to the United States Constitution.**

{¶ 11} Appellant argues in his first assignment of error that the forfeiture of his vehicle pursuant to R.C. 4511.19(G)(1)(c)(v) is an unconstitutionally excessive fine in violation of the Eighth Amendment to the United States Constitution. For appellant to succeed on his challenge, he must prove by clear and convincing evidence that the statute's application to his particular set of facts is unconstitutional. *Id.* at ¶32, citing *Belden v. Union Cent. Life Ins. Co.*, 143 Ohio St. 329, 55 N.E.2d 629 (1944), paragraph six of the syllabus. (Additional citations omitted.) "This means that [he] must produce evidence that creates a 'firm belief' that R.C. 4511.19(G)(1)(c)(v) is unconstitutional as applied to him." *Id.*, citing *Cross v. Ledford*, 161 Ohio St. 469, 477, 120 N.E.2d 118 (1954).

{¶ 12} Acknowledging appellant's burden of proof, a reviewing court must accept the trial court's factual findings if they are supported by some competent and credible evidence. *Id.* at ¶ 33, citing *State v. Schiebel*, 55 Ohio St.3d 71, 74, 564 N.E.2d 54 (1990). "However, in determining whether a fine is constitutionally excessive – applying the constitutional standard to supported facts – we conduct a de novo review." *Id.,* citing *United States v. Bajakajian,* 524 U.S. 321, 334, 118 S.Ct. 2028, 141 L.Ed.2d 314 (1998).

6.

{¶ 13} In evaluating whether a forfeiture under this provision is unconstitutionally excessive under the Eighth Amendment, a court must determine whether the forfeiture is "'grossly disproportional to the gravity of a defendant's offense.'" *Id.* at ¶ 39, citing *Bajakajian* at 334. Thus, a court must weigh the value of the thing seized against the gravity of the offense. *Id.* at ¶ 51.

{¶ 14} Although there is no "bright-line test" for analyzing an Eighth Amendment excessiveness challenge, the court in *O'Malley*, when faced with the question of whether a vehicle forfeiture under R.C. 4511.19(G)(1)(c)(v) was excessive, looked to: (1) the value of the vehicle subject to forfeiture; (2) the gravity of the offense; and (3) balancing the value of the forfeiture with the gravity of the offense. *Id.* at ¶ 52, 53, 102.

{¶ 15} In the case at bar, the value of the 2011 Chevrolet pickup truck is asserted to be approximately $16,000.[1] Thus, there is no question that the vehicle is valuable. The vehicle is said to be one of two used by appellant and his wife to get to work and to transport their child. The loss of the truck would therefore have an obvious impact on appellant's wealth. But this fact, while important, is not conclusive. *See O'Malley* at ¶ 52 (Under the Eighth Amendment, loss of a vehicle, resulting in an impact on a defendant's wealth, "is not nothing," "[b]ut is not everything either.").

{¶ 16} Regarding the gravity of the offense, we look to the factors contemplated by the Supreme Court of Ohio in *O'Malley*, which case -- as here -- involved an offender

---

[1] Although the facts in this case are derived from the undisputed statements of defense counsel rather than from properly admitted evidence, we accept these statements as true for purposes of analyzing appellant's claims on the merits.

7.

whose vehicle was ordered forfeited after he pleaded no contest to a third-in-ten-years violation of R.C. 4511.19(A)(1). Specifically, the court considered: (1) that the appellant committed a crime for which the legislature had devised a graduated sentencing scheme under which appellant became eligible to receive the scheme's "harshest penalty, i.e., the forfeiture of the vehicle involved." *Id.* at ¶ 60; (2) that the appellant had *chosen* to drive drunk -- with the fact that he fell within the highest tier of drunk-driving offenses and, further, had been "very intoxicated" at the time of his arrest, making him all the more culpable. *Id.* at ¶ 73, 79; (3) that the appellant harmed society when he drove drunk, even if he did not cause physical harm to persons or damage to any property. *Id.* at ¶ 92; and (4) that the fine-to-forfeiture value comparison would be of limited relevance, in part because it was the intention of the legislature for the forfeiture to be in addition to the fine, rather than as part of some ratio-based equation. *Id.* at ¶ 99. All of these factors apply essentially identically to our determination of the gravity of appellant's offense.

{¶ 17} In balancing the value of the forfeiture and the gravity of the offense, we conclude that appellant has not proven by clear and convincing evidence that the forfeiture of his vehicle is grossly disproportional to the gravity of his offense. As stated by the court in *O'Malley*, "[t]he legislature chose to punish repeat OVI offenders with the forfeiture of the vehicle that was used in the offense," and "[t]he legislature's choice of punishment is entitled to significant weight," *Id.* at ¶ 102, citing R.C. 4511.19(G)(1)(c)(v). Further, appellant chose to engage in drunk driving -- this time while highly intoxicated -- for a third time in ten years. This, too is entitled to weight. In

8.

addition, although the vehicle is clearly of value and is important to appellant, he did not demonstrate that the loss of this vehicle would be significant. As defense counsel stated, the 2011 Chevrolet pickup is one of two vehicles that appellant's family uses to get to work and to transport their child. The monetary value of the vehicle and its importance to appellant are simply not enough to overcome the gravity of the offense. Therefore, appellant has not demonstrated that the forfeiture of his $16,000 vehicle was grossly disproportionate to his offense. Accordingly, we conclude that R.C. 4511.19(G)(1)(c)(v) does not violate the Eighth Amendment to the United States Constitution, as applied to appellant.

### R.C. 4511.19(G)(1)(c)(v) does not constitute an unconstitutionally excessive fine in violation of Article I, Section 9 of the Ohio Constitution.

{¶ 18} Appellant additionally argues in his first assignment of error that the forfeiture of his vehicle pursuant to R.C. 4511.19(G)(1)(c)(v) was a violation of Article I, Section 9 of the Ohio Constitution. Like the Eighth Amendment to the United States Constitution, Article I, Section 9 of the Ohio Constitution prohibits "excessive fines." *See O'Malley* at ¶ 30; *see also State v. Harold*, 109 Ohio App.3d 87, 671 N.E.2d 1078 (9th Dist.1996). Although the court in *O'Malley* expressly limited its decision to a determination of whether the vehicle forfeiture was an "excessive fine" under the Eighth Amendment because O'Malley had relied exclusively on the Eighth Amendment and had not invoked Article I, Section 9 of the Ohio Constitution, we nevertheless conclude that the analysis set forth in *O'Malley*, and applied herein to appellant's federal constitutional

9.

challenge, should apply equally to appellant's state constitutional challenge. *See State v. Weitbrecht*, 86 Ohio St.3d 368, 715 N.E.2d 167 (1999) (after observing that the "excessive fines" provision of Article I, Section 9 of the Ohio Constitution is couched in language "identical" to that set forth in the Eighth Amendment to the United States Constitution, the court went on to apply federal law in a combined analysis of the appellant's federal and state constitutional challenges to the application of Ohio's involuntary manslaughter statute to a minor misdemeanor traffic offense that resulted in a vehicular homicide); *see also State v. Harold*, 109 Ohio App.3d 87, 671 N.E.2d 1078 (9th Dist.1996) (applying federal law in a combined analysis of appellant's state and federal constitutional "excessive fine" challenges in a case involving a forfeiture of real property ordered in connection with convictions for drug trafficking). Inasmuch as we found that R.C. 4511.19(G)(1)(c)(v) does not violate the Eight Amendment to the United States Constitution as applied to appellant, we likewise find that it does not violate Article I, Section 9 of the Ohio Constitution.

**The trial court made an independent determination that the forfeiture of appellant's vehicle was not an excessive fine.**

{¶ 19} In an effort to avoid this conclusion, appellant, citing *State v. Hill*, 70 Ohio St.3d 25, 635 N.E.2d 1248 (1994), asserts that the trial court erred in failing to make an independent determination of whether the forfeiture of appellant's car would be an excessive fine. Although the court in *Hill* does provide that "prior to entering an order of forfeiture, the trial court must make an independent determination whether forfeiture of

10.

that property is an 'excessive fine' prohibited by the Excessive Fine Clauses of the Ohio and United States Constitutions," *id.* at 34, the court in *O'Malley* -- referencing this very provision -- recognized that the court in *Hill* "declined to set forth a bright-line test and instead, * * * encouraged trial courts to analyze forfeitures 'in light of the principles' outlined in [the *Hill*] opinion." *O'Malley* at ¶ 41, citing *Hill* at 35, fn. 4.

{¶ 20} In the instant case, the trial court specifically granted appellant an opportunity to be heard on the issue of forfeiture. Appellant provided the court with information regarding the value of the vehicle, his employment status, and the significance of the fine and the other penalties. The court acknowledged the severity of the penalty, but also recognized aggravating factors, including that this was appellant's fifth lifetime OVI, that appellant had a blood alcohol concentration of 0.260, that he had put members of the community at risk by his drinking, and that appellant had been unsuccessful after multiple attempts at treatment. The court heard arguments by appellant's counsel that the fine was excessive, but ultimately rejected those arguments and proceeded to sentencing, including ordering the forfeiture of appellant's vehicle. Under the circumstances of this case, it appears clear that the trial court did make an independent, albeit implied, determination that forfeiture of appellant's vehicle was not an excessive fine.

{¶ 21} For all of the foregoing reasons, appellant's first assignment of error is found not well-taken.

11.

### Second Assignment of Error

**R.C. 4511.19(G)(1)(c)(v) is facially valid under the Equal Protection Clauses of the Ohio and United States Constitutions and, further is valid as applied to appellant.**

{¶ 22} Appellant argues in his second assignment of error that R.C. 4511.19(G)(1)(c)(v) facially violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 2 of the Ohio Constitution. The court in *O'Malley*, however, expressly determined that R.C. 4511.19(G)(1)(c)(v) is constitutional on its face, both under the Equal Protection Clause of the Fourteenth Amendment and under Article I, Section 2 of the Ohio Constitution. *See* O'Malley at ¶ 29. In *O'Malley*, the court held that a rational basis test was appropriate, as no protected class or fundamental right was implicated in the statute. *Id.* at ¶ 22. Applying the rational basis test, the court held that there is a legitimate interest in deterring drunk driving and that "[t]argeting a vehicle involved in an OVI offense that is registered in the repeat offender's name is rationally related to the government's interest in deterring drunk driving." *Id.* at ¶ 25, 27.

{¶ 23} To the extent that appellant argues that R.C. 4511.19(G)(1)(c)(v) is unconstitutional as applied to him because it punishes more harshly people who drive their own car or people who can afford to buy a car, we echo the words of the court in *O'Malley*, wherein the court stated:

> The fact that the General Assembly does not require the forfeiture of a
>
> vehicle for repeat OVI offenders who are nonowners is of no consequence,

12.

since a clear goal of the legislature was to protect Ohioans and their property from an out-of-control vehicle driven by an impaired driver, and the best way to do that is to prevent a drunk person from accessing a vehicle in the first place.

*Id.* at ¶ 28; [2] *see also Pickaway Cty. Skilled Gaming, L.L.C. v. Cordray*, 127 Ohio St.3d 104, 2010-Ohio-4908, 936 N.E.2d 944, ¶ 32 (holding that courts are compelled under rational-basis review to accept a legislature's generalizations even when there is an imperfect fit between means and ends and, further, that a classification does not fail rational-basis review simply because it is not made with mathematical nicety or because in practice it results in some equality).

{¶ 24} Because R.C. 4511.19(G)(1)(c)(v) is constitutional, both facially and as applied to appellant, under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and under Article I, Section 2 of the Ohio Constitution, appellant's second assignment of error is found not well-taken.

{¶ 25} The judgment of the Bowling Green Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

---

[2] The court in *O'Malley* additionally observed that "[w]hile R.C. 4511.19(G)(1)(c)(v) applies only to repeat offenders who are the owners of the vehicle used in the offense, R.|C. 4511.203(C)(3)(c) permits vehicle forfeiture for owners who on more than two occasions lent their vehicles to individuals who they knew or had reasonable cause to believe would engage in impaired driving." *Id.* at ¶ 27, citing R.C. 4511.203(A)(4). Thus, the court concluded, "[t]he General Assembly targeted vehicles that could be accessed by drunk drivers." *Id.*

13.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J.                                 _____
                                                          JUDGE

Christine E. Mayle, J.


Myron C. Duhart, P.J.                   _____
CONCUR.                                               JUDGE


                                                        _____
                                                          JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.