DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant Billy McShepard appeals from the judgment of the Lorain County Court of Common Pleas which ordered the forfeiture of his property. This Court affirms.
 I {¶ 2} On February 8, 2005, the State filed a complaint for civil forfeiture pursuant to R.C. 2925.43. In its complaint, the State sought forfeiture of nearly $80,000 in cash and McShepard's interest in two parcels of real estate. The forfeiture action was stayed during the pendency of a trial on the criminal charges brought against McShepard. As a result of his convictions in that matter which *Page 2 
included a criminal forfeiture specification, McShepard forfeited roughly $70,000 from numerous bank accounts. At the conclusion of McShepard's criminal case, this forfeiture action resumed and the State moved for summary judgment. One of the parcels partially owned by McShepard was foreclosed upon by the mortgage holding bank during this civil forfeiture proceeding. As a result, the State ultimately sought forfeiture of roughly $10,000 in cash and McShepard's interest in the remaining real estate parcel.
 {¶ 3} In support of its summary judgment motion, the State relied upon the affidavit of Sergeant Albert Rivera. In his affidavit, Rivera swore that he had investigated McShepard and could not find any legitimate source of income. Rivera stated that despite this fact, McShepard was arrested while in possession of a large sum of cash and had purchased real estate for cash while on probation from a prior conviction for drug abuse. McShepard submitted no evidence in response to the State's motion. On January 31, 2007, the trial court granted the State's motion and ordered that McShepard's remaining property be forfeited. McShepard has timely appealed, raising three assignments of error for review.
 II Assignment of Error Number One "TO WARRANT A FORFEITURE THE STATE'S PROOF MUST SHOW A SUBSTANTIAL CONNECTION, OR NEXUS, EXISTED BETWEEN THE PROPERTY SOUGHT TO BE FORFEITED AND SOME CRIMINAL ACTIVITY OR WRONGDOING, AND WITH THIS BEING SO, IF FOLLOWS THAT THE COURT ERRED AND THE CLAIMANT WAS *Page 3 
DENIED DUE PROCESS IN THE WAKE OF THE GRANT OF THE STATE'S SUMMARY JUDGMENT MOTION."
 {¶ 4} In his first assignment of error, McShepard contends that the trial court erred in granting summary judgment to the State. We disagree.
 {¶ 5} At the outset of our analysis, we note the improper tone of McShepard's brief. In his brief, McShepard's counsel makes statements such as the following:
 "Arguably one would have to be gullible, or merely a prosecutor, to even believe such proof satisfies the State's burden of proof under the facts of this case."
At other times, McShepard's counsel asserts that the State relied upon its "phenomenal penchant for hollow rhetoric." Later, McShepard's brief states:
 "Here, as well, another point is made, at least for those who (unlike counsel-opposite) bother to understand the theoretical basis for any forfeiture action[.]"
McShepard's brief categorizes the State's argument below as "truly pathetic spin" and repeatedly refers to the prosecutor as "confounded." McShepard's counsel's statements are both unnecessary and improper. McShepard's counsel would be better suited in the future to offer legal argument and to refrain from denigrating opposing counsel and the Court.
 {¶ 6} This Court reviews an award of summary judgment de novo.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Page 4 Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12, certiorari denied (1986), 479 U.S. 948.
 {¶ 7} Pursuant to Civ.R. 56(C), summary judgment is proper if:
 "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
 {¶ 8} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-93. Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). Id. Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. Id. at 293. The non-moving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Henkle v.Henkle (1991), 75 Ohio App.3d 732, 735.
 {¶ 9} The State filed its complaint for civil forfeiture under R.C.2925.43 which provided as follows: *Page 5 
 "(A) The following property is subject to forfeiture to the state in a civil action as described in division (E) of this section, and no person has any right, title, or interest in the following property:
 "(1) Any property that constitutes, or is derived directly or indirectly from, * * * from the commission of an act that * * * could be prosecuted as a felony drug abuse offense or * * *;
 "(2) Any property that was used or intended to be used in any manner to commit, or to facilitate the commission of, an act that * * * could be prosecuted as a felony drug abuse offense[.]"
 {¶ 10} In support of its motion, the State relied upon the affidavit of Sergeant Albert Rivera. Rivera swore as follows in his affidavit. McShepard had been convicted of trafficking in marijuana and possession of cocaine in the underlying criminal case which led to the forfeiture action. At the time of McShepard's arrest, he had $80,000 in cash and bank accounts and had purchased approximately $35,000 in real estate with cash. During his criminal trial, McShepard claimed that his funds were generated from Mac's Car Care. Rivera investigated this claim and found that Mac's Car Care had never filed a tax return in Ohio and that no telephone listing of any kind for Mac's Car Care could be located. Rivera also indicated that he had not "found any proof of legitimate income or earnings by McShepard." Rivera concluded his affidavit by stating that McShepard had twice been convicted of drug trafficking prior to this action, had currency totaling over $80,000, and had purchased roughly $35,000 in real estate while on probation from a felony drug abuse conviction. Rivera indicated that in his experience the above facts are an "indicia of a pattern of drug trafficking with *Page 6 
investment of illegal drug proceeds into banks, safety deposit boxes and the real estate[.]" Based upon Rivera's affidavit, we find that the State met its initial Dresher burden. See State v. $317.49 in U.S.Currency and Ruger 9MM Handgun, 5th Dist. No. 2006-CA-00318,2007-Ohio-475 (finding that an officer's affidavit stating the defendant was arrested with cash and drugs on his person and no legitimate source of income was sufficient to meet the State's Dresher burden).
 {¶ 11} In response to the State's motion, McShepard provided no evidence, nor does his response contest the facts stated by Rivera. McShepard, therefore, did not meet his reciprocal burden under Civ.R. 56. Consequently, the trial court did not err in granting the State's motion for summary judgment. McShepard's first assignment of error lacks merit.
 Assignment of Error Number Two "GIVEN [THAT] THE PROHIBITION AGAINST UNREASONABLE SEARCHES AND SEIZURES AND THE EXCLUSIONARY RULE APPLY TO FORFEITURE PROCEEDINGS, IT FOLLOWS THAT INASMUCH AS THE ISSUE WAS RAISED, THE COURT WAS REQUIRED TO ADDRESS THAT ISSUE ON THE RECORD IN ACCORDANCE WITH FUNDAMENTAL CRITERIA, AND GIVEN THE COURT FAILED TO DO SO, IT FOLLOWS THE GRANT OF SUMMARY JUDGMENT MUST BE VOIDED ON DUE PROCESS GROUNDS."
 {¶ 12} In his second assignment of error, McShepard asserts that the trial court erred when if failed to make specific findings regarding the Fourth Amendment. We disagree. *Page 7 
 {¶ 13} McShepard is correct in his assertion that a Fourth Amendment claim may be raised in a civil forfeiture action. R.C. 2925.45(A) provides as follows:
 "Any person who is aggrieved by an alleged unlawful seizure of property that potentially is subject to forfeiture under section 2925.42 or 2925.43 of the Revised Code may file a motion as described in division (B) of this section with whichever of the following courts is appropriate under the circumstances[.]"
Additionally, R.C. 2925.45(B) requires that the motion
 "state the reasons why the movant believes the seizure was unlawful, state that the movant is lawfully entitled to possession of the seized property, and request the court of common pleas to issue an order that mandates the law enforcement agency having custody of the seized property to return it to the movant."
If such a motion is filed while a criminal case is pending, the trial court must treat the motion as a motion to suppress. R.C.2925.45(C)(2)(a).
 {¶ 14} McShepard did not file a motion pursuant to R.C. 2925.45. Moreover, at no point in time did McShepard articulate a factual basis to support his claim that his property was unlawfully seized. Accordingly, we find that McShepard did not comply with R.C. 2925.45 and therefore did not timely raise a Fourth Amendment claim in the trial court. McShepard may not raise such an issue for the first time on appeal. See State v. Awan (1986), 22 Ohio St.3d 120, syllabus. McShepard's second assignment of error, therefore, lacks merit.
 Assignment of Error Number Three "GIVEN A FORFEITURE IS UNCONSTITUTIONAL UNLESS IT SURVIVES STRICT SCRUTINY UNDER THE EXCESSIVE *Page 8 
FINES CLAUSE OF THE EIGHTH AMENDMENT, IT FOLLOWS THERE IS NO WAY THE FORFEITURES DECREED THERE CAN SURVIVE MEANINGFUL SCRUTINY; WITH THIS BEING SO, THE COURT ERRED AND DUE PROCESS WAS VIOLATED WHEN THE COURT DECREED THESE FORFEITURES."
 {¶ 15} In his final assignment of error, McShepard asserts that the forfeiture of his property violated the Eight Amendment prohibition against excessive fines. We disagree.
 {¶ 16} Before ordering forfeiture, the trial court must make an independent determination of whether forfeiture of the property at issue would constitute an excessive fine prohibited by the Excessive Fine Clauses of the Ohio and United States Constitutions. State v. Hill
(1994), 70 Ohio St.3d 25, syllabus. While Hill applied to criminal forfeiture under R.C. 2925.42, for the purpose of applying the Excessive Fines Clause, "the question is not * * * whether forfeiture * * * is civil or criminal, but rather whether it is punishment." Austin v. U.S.
(1993), 509 U.S. 602, 610. In this appeal, the State does not contest that the forfeiture at issue was punishment and subject to the Eighth Amendment. Therefore, we proceed directly to a review of McShepard's claimed Eighth Amendment violation.
 {¶ 17} While the Hill Court did not state a specific test to be employed by the trial court, this court has adopted a proportionality test. See State v. Harold (1996), 109 Ohio App.3d 87, 94. To determine whether forfeiture is constitutionally disproportionate to the crime, the court should consider several factors, including: (1) the harshness of the forfeiture in comparison to the severity *Page 9 
of the offense and the potential sentence; (2) the relationship between the property and the offense; (3) the culpability of the owner of the property, including whether the owner was directly involved in the illegal activity; (4) the fair market value of the property; (5) the subjective value of the property; and (6) the hardship to the defendant. Id. at 93-94, quoting U.S. v. Milbrand (C.A.2, 1995), 58 F.3d 841,847-48. "[T]he question whether a fine is constitutionally excessive calls for the application of a constitutional standard to the facts of a particular case, and in this context de novo review of that question is appropriate." U.S. v. Bajakajian (1998), 524 U.S. 321, 336, fn. 10.
 {¶ 18} In his final assignment of error, McShepard offers no argument to support a claim that the Eighth Amendment was violated. Rather, McShepard reiterates his argument that the State did not prove that his property was subject to forfeiture. This Court found above that the State met its summary judgment burden on its claim of forfeiture. McShepard's arguments, therefore, lack merit.
 {¶ 19} Moreover, a proportionality review supports the trial court's finding that the forfeiture of McShepard's property does not violate the Eighth Amendment. In the underlying criminal case, McShepard was convicted of trafficking in marijuana, a fourth degree felony, and possession of cocaine, a fifth degree felony. At the time of his arrest, McShepard had roughly 1.5 pounds of marijuana in his possession. In addition, McShepard was convicted of felonious assault on a police officer. As a result of the underlying convictions which led to *Page 10 
this forfeiture action, McShepard received an aggregate sentence of 20 years in prison. McShepard had also previously been convicted of two counts of drug trafficking, third degree felonies, and one count of preparing drugs for sale, a fifth degree felony. Moreover, he was on probation from his prior offenses at the time he purchased the property at issue. Accordingly, we find McShepard's culpability to be substantial.
 {¶ 20} Furthermore, given the lengthy prison sentence which resulted from his convictions, the forfeiture at issue was not disproportionate. The trial court ultimately ordered forfeiture of a bank account containing $9,816 and forfeiture of McShepard's half-interest in property valued at $35,000. Accordingly, McShepard forfeited roughly $27,316. While he forfeited additional property in the criminal case (roughly $70,000), that forfeiture is not relevant to our review. SeeState v. Kish, 9th Dist. No. 02CA008146, 2003-Ohio-2426, at ¶ 57. Based upon the above review, we cannot say that the above forfeiture is excessive as compared to the 20-year sentence McShepard received based on his convictions.
 {¶ 21} Additionally, Sergeant Rivera's affidavit established that McShepard had no legitimate source of income. McShepard offered no rebuttal to this evidence. Consequently, the sole evidence before the trial court indicated that McShepard's property was accumulated directly through his illegal activity. *Page 11 
 {¶ 22} Based upon the above, we find no error in the trial court's determination that the forfeiture was not excessive under the Eighth Amendment. McShepard's final assignment of error lacks merit.
 III {¶ 23} McShepard's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
 Costs taxed to Appellant. *Page 12 
 CARR, J., DICKINSON, J., CONCUR. *Page 1