[Cite as *State v. Tomcik*, 2019-Ohio-1396.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 18CA0079-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| KATHLEEN TOMCIK | MEDINA MUNICIPAL COURT COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 18TRC02423 |

DECISION AND JOURNAL ENTRY

Dated: April 15, 2019

HENSAL, Judge.

{¶1} Kathleen Tomcik appeals a judgment of the Medina Municipal Court that convicted and sentenced her for operating a vehicle under the influence and a judgment of that court that ordered her car forfeited. For the following reasons, this Court affirms.

I.

{¶2} Following a traffic stop, a police officer charged Ms. Tomcik with two counts of operating a vehicle under the influence (OVI). Before trial, Ms. Tomcik agreed to plead no contest to an amended OVI charge in exchange for the dismissal of the other count. In her pretrial agreement, Ms. Tomcik acknowledged that she had two prior OVI convictions. At sentencing, however, she argued that the court should sentence her as if she only had one prior OVI conviction because she did not have counsel in one of the cases. The municipal court rejected her argument because the plea agreement stated that she had two prior offenses. It

sentenced her to 30 days in jail. It also ordered her to forfeit the car she had been driving at the time of the offense. Ms. Tomcik has appealed, assigning two errors.

II.

ASSIGNMENT OF ERROR I

THE APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.

{¶3}    Ms. Tomcik argues that her trial counsel was ineffective. To prevail on a claim of ineffective assistance of counsel, Ms. Tomcik must show: (1) that counsel's performance was deficient to the extent that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) that there is a reasonable probability that, but for counsel's deficient performance, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). A deficient performance is one that falls below an objective standard of reasonable representation. *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus. A court, however, "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland* at 689, quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955). To establish prejudice, Ms. Tomcik must show that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different. *Id*. at 694.

{¶4}    Ms. Tomcik argues that her trial counsel failed to advise her that, if she admitted that she had two prior OVI offenses in her plea agreement, her car would be subject to forfeiture. *See* R.C. 4511.19(G)(1)(c)(v). She also argues that her counsel should have done a better job addressing the fact that one of her prior convictions was uncounseled and, therefore, was not

eligible to enhance her offense.  She asserts that, if she had known correctly about all of the potential penalties, she would have insisted upon going to trial.

{¶5}     Upon review of the record, we note that it does not contain a transcript of Ms. Tomcik's plea hearing.  Under Criminal Rule 11(E), a court shall not accept a plea of no contest to a petty offense "without first informing the defendant of the effect of the plea * * *."  Without a transcript of what the municipal court told Ms. Tomcik, we are unable to review whether she understood the potential penalties she would face if she pleaded no contest and the court found her guilty of the amended OVI charge.

{¶6}     "It is an appellant's duty to ensure that the record, or the portion necessary for review on appeal, is filed with the appellate court."  *Swedlow v. Riegler*, 9th Dist. Summit No. 26710, 2013-Ohio-5562, ¶ 14, quoting *Shumate v. Shumate*, 9th Dist. Lorain No. 09CA009707, 2010-Ohio-5062, ¶ 6; App.R. 9(B).  "[If] the transcript of a hearing is necessary to resolve assignments of error, but such transcript is missing from the record, the reviewing court has 'no choice but to presume the validity of the lower court's proceedings, and affirm.'"  *Shumate* at ¶ 9, quoting *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980).

{¶7}     Because the record does not contain a transcript of Ms. Tomcik's plea hearing, we are unable to review whether her counsel's performance was deficient at the time that she entered her plea and whether she suffered any prejudice from the alleged deficiency.  Accordingly, we conclude that Ms. Tomcik has failed to establish that she received ineffective assistance from her trial counsel.  Ms. Tomcik's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ABUSED ITS DISCRETION IN ORDERING THE APPELLANT'S VEHICLE FORFEITED.

{¶8}   Ms. Tomcik next argues that the municipal court incorrectly determined that forfeiture of her car would not constitute an excessive fine under the Ohio and United States Constitutions.  The Ohio Supreme Court has recognized that:

> Forfeiture of property, pursuant to R.C. 2925.42, is a form of punishment for a specified offense and, therefore, is a "fine" for purposes of Section 9, Article I of the Ohio Constitution and the Eighth Amendment to the United States Constitution.  Accordingly, prior to entering an order of forfeiture, the trial court must make an independent determination whether forfeiture of that property is an "excessive fine" prohibited by the Excessive Fine Clauses of the Ohio and United States Constitutions.

*State v. Hill*, 70 Ohio St.3d 25 (1994), syllabus.  To determine whether a fine is excessive, this Court has adopted a proportionality test.  *State v. McShepard*, 9th Dist. Lorain No. 07CA009118, 2007-Ohio-6006, ¶ 17.

> [T]he court should consider several factors, including:  (1) the harshness of the forfeiture in comparison to the severity of the offense and the potential sentence; (2) the relationship between the property and the offense; (3) the culpability of the owner of the property, including whether the owner was directly involved in the illegal activity; (4) the fair market value of the property; (5) the subjective value of the property; and (6) the hardship to the defendant.

*Id.*, citing *State v. Harold*, 109 Ohio App.3d 87, 93-94 (9th Dist.1996).  No one factor is dispositive.  *Harold* at 94.  We review whether a fine is constitutionally excessive de novo.  *McShepard* at ¶ 17; *United States v. Bajakajian*, 524 U.S. 321, 326, fn. 10.

{¶9}   At the forfeiture hearing, Ms. Tomcik testified that the car was new when she began leasing it for three years at $276 a month.  She had made all of her payments and would reach the end of the lease in four months.  She did not know what the sticker price of the car had been but estimated $20,000.  She indicated that she had received an employee discount because she worked at the dealership where she acquired the vehicle.  She testified that she intended to turn the car in at the end of the lease term and did not know the residual value the car had been

assigned in the lease or how much the car was presently worth. She agreed that she had paid at least $8,280 under her lease agreement.

{¶10} Regarding the proportionality test factors, Ms. Tomcik admits that her car was involved in the offense and that she was the one driving it at the time of the offense. She argues, however, that the offense was only a petty crime, that she did not cause any type of collision, that the offense occurred over a brief duration, and that there was no harm to the community.

{¶11} It is difficult to ascertain the harshness of the forfeiture based on the information in the appellate record. It is not clear whether the car was Ms. Tomcik's only vehicle. It is also not clear whether the residual value of the car is higher or lower than its fair market value. The municipal court noted that, because the State did not desire the car, it would be sold, and the proceeds paid to the lienholder. R.C. 4503.234(C)(2). Thus, we cannot say that Ms. Tomcik will owe the lienholder anything other than her remaining monthly lease payments. We note that forfeiture hearing occurred in September 2018. Ms. Tomcik testified that her lease ran through January 2019. She, therefore, had either four or five more payments, which would total either $1,104 or $1,380. We note that, under Section 4511.19(G)(1)(c)(iii), the municipal court was allowed to fine Ms. Tomcik between $850 and $2,750. Adding the amount of her remaining lease payments to the $900 fine it imposed is within those limits. Accordingly, upon review of the record, we conclude that Ms. Tomcik has failed to establish that the forfeiture of her car constituted a constitutionally excessive fine. Ms. Tomcik's second assignment of error is overruled.

III.

{¶12} Ms. Tomcik's assignments of error are overruled. The judgment of the Medina Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

TEODOSIO, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

ERIC DYSERT, Attorney at Law, for Appellant.

J. MATTHEW LANIER, Prosecuting Attorney, for Appellee.